**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DAWN LEE BODENNER,

Plaintiff,

v. No. 1:26-cv-03711-LF

MARGARET A. GRAHAM,
NEW MEXICO DEPARTMENT OF WORKFORCE SOLUTIONS/HUMAN RIGHTS BUREAU,
ALTA MIRA SPECIALIZED FAMILY SRVICES,
NUSENDA CREDIT UNION,
CLIFTON LARSON ALLEN CPAs,
POMS AND ASSOCIATES INSURANCE BROKERS,
BRAD BRISTER,
ANGELA BARELA,
EDWARD ROMERO,
ANGELIQUE TAFOYA,
ANNA CHMIELENKO,
BOBBY JONES,
KATIE WYLIE,
SARA KELLER,
JESSA HUYBRECHTS and
CARLOS TORRES,

Defendants.

**ORDER TO CURE DEFICIENCY**
**AND ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed November 2, 2026 ("Complaint"), and Plaintiff's Motion to proceed *in forma pauperis*, Doc. 2, filed November 2, 2026.

**Order to Cure Deficiency**

Plaintiff "request[s] to file [*in*] *forma pauperis* as I have not been employed since May 22, 2025." The statute regarding proceedings *in forma pauperis* allows the Court to authorize the commencement of an action without prepayment of fees if a person submits an affidavit showing

that the person is unable to pay the fees. *See* 28 U.S.C. § 1915(a)(1). Plaintiff has not submitted an affidavit.

The Court requires plaintiffs seeking to proceed without prepaying fees to file the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Long Form Application"). The Court orders Plaintiff to file a Long Form Application. Failure to file a Long Form Application within twenty-one (21) days from entry of this Order *or* failure to follow all instructions in the Long Form Application may result in denial of the motion to proceed *in forma pauperis*.

**Order for Amended Complaint**

This case arises from events occurring related to Plaintiff's employment with Defendant Alta Mira Specialized Family Services and the alleged wrongful termination of her employment. *See* Complaint at 2-7. Plaintiff asserts claims for race, color, sex, age and national origin discrimination, retaliation, defamation, negligence, breach of contract, pursuant to 18 U.S.C. §§ 241 and 242, and pursuant to 5 U.S.C. § 2302. *See* Complaint at 2-7.

The Court has identified the following deficiencies and orders Plaintiff to file an amended complaint. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

The Complaint fails to state claims against many of the 17 Defendants because it does not identify which of the several legal claims Plaintiff is asserting against each Defendant. *See Howl v. Alvarado*, 783 Fed.Appx. 815, 817-18 (10th Cir. 2019) ("Although 'a complaint need not provide 'detailed factual allegations,' it must give just enough factual detail to provide 'fair notice of what

the ... claim is and the grounds upon which it rests.'") (quoting *Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)).

The Complaint fails to state claims pursuant to 18 U.S.C. § 241, Conspiracy against rights, and 18 U.S.C. § 242, Deprivation of rights under color of law. Sections 241 and 242 are criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx.414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The Complaint fails to state a claim pursuant to 5 U.S.C. § 2302 which Plaintiff refers to as "Whistleblower and Anti-Retaliation." Complaint at 2. Section 2302 prohibits certain personnel practices by persons employed by an executive agency of the United States. *See* 5 U.S.C. § 2302. There are no allegations showing that any of the Defendants are employees of an executive agency of the United States.

Plaintiff states she "incorporates by reference" information contained in attachments to the Complaint. Complaint at 6. The attachments include a Charge of Discrimination, a New Mexico Department of Workforce Solutions, Human Rights Bureau Letter of Determination, New Mexico Department of Workforce Solutions, Human Rights Bureau transmitting Respondent Alta Mira Specialized Family Services' statement denying Plaintiff's allegations, Alta Mira Specialized Family Services' Position Statement, and two Notices of Disciplinary Action. The Court will not review the attachments to a complaint to determine whether Plaintiff can state a claim upon which relief can be granted. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's

case for it"); *Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant."). Any information in the attachments that form a basis for Plaintiff's claims must be set forth in allegations in an amended complaint. The Court may consider the documents attached to the Complaint or amended complaint at a later stage in this case in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

"[T]his court has long recognized that defendants are prejudiced by having to respond to pleadings [that are] wordy and unwieldy," and "judges ... have their task made immeasurably more difficult by pleadings [that are] rambling...." *United States v. Celio*, 388 Fed.Appx. 758, 761 (10th Cir. 2010) (quoting *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1162-63 (10th Cir. 2007)). "Courts have 'obligations to *pro se* litigants' to provide 'some modest additional explanation' regarding the format of filings because they 'are not expected to understand what recitations are legally essential and which are superfluous.'" *Id.* The Court provides the following explanation regarding the fourth amended complaint.

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's amended complaint "must explain what each defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). It is helpful if a complaint includes a section for each defendant that sets forth the factual allegations

regarding that defendant. *See McNellis v. Douglas County School District*, 116 F.4th 1122, 1139, 1142 (10th Cir. 2024) (a plaintiff bringing a claim for employment discrimination pursuant to Title VII based on race, color, sex, or national origin "must plausibly allege these elements: (1) she is a member of a protected class, (2) she suffered an adverse employment action, and (3) the challenged action occurred under circumstances giving rise to an inference of discrimination;" "a plaintiff asserting a Title VII retaliation claim must plausibly allege (1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action") (quotation marks omitted); *Markley v. U.S. Bank National Assoc.*, 59 F.4th 1072, 1081 (10th Cir. 2023) (to state a claim of age discrimination under the Age Discrimination in Employment Act, "the plaintiff must show that (1) he is within the protected age group; (2) he was doing satisfactory work; (3) he was discharged; and (4) his position was filled by a younger person").

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted).

The amended complaint must comply with the Federal and Local Rules of Civil Procedure and must set forth Plaintiffs' allegations in uniquely numbered, double-spaced paragraphs. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs"); D.N.M.LR-Civ. 10.1 ("Except for footnotes and quotations, the text of all documents must be double spaced"); D.N.M.LR-Civ. 10.6 ("The portions of an exhibit the party wishes to bring to the Court's attention must be marked").

**Notice Regarding Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff shall, within 21 days of entry of this Order, file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form). Failure to timely file a Long Form Application *or* failure to follow all instructions in the Long Form Application may result in denial of the motion to proceed *in forma pauperis*.

(ii) The Clerk shall send to Plaintiff a copy of this Order and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form).

(iii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

Laura Fashing
United States Magistrate Judge